```
                             United States Bankruptcy Court
                             Middle District of Pennsylvania
In re:                                                           Case No. 20-00449-HWV
Martin G Stines, III                                             Chapter 7
Margaret A Stines
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-1          User: admin              Page 1 of 1           Date Rcvd: May 22, 2020
                              Form ID: 318             Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2020.
```
db/jdb         +Martin G Stines, III,   Margaret A Stines,    655 Olmstead Way,    York, PA 17404-1384
5298963        +FEDERAL NATIONAL MORTGAGE ASSOC.,    3900 Wisconsin Avenue, NW,    Washington, DC 20016-2806
5298965        +GREAT LAKES,   PO Box 7860,    Madison, WI 53707-7860
5298964         GREAT LAKES,    US DEPARTMENT OF EDUCATION,    PO Box 790321,    Saint Louis, MO 63179-0321
5298966        +LORRAINE GAZZORA DOYLE, ESQ.,    649 South Avenue,    Suite 7,   Secane, PA 19018-3541
5298967        +MIDLAND CREDIT MANAGEMENT,    PO Box 51319,    Los Angeles, CA 90051-5619
5298970        +MR. COOPER,   8950 Cypress Waters Blvd.,    Coppell, TX 75019-4620
5298969         MR. COOPER,    PO Box 650783,    Dallas, TX 75265-0783
5298972         NEW CUMBERLAND FEDERAL CREDIT UNION,    PO Box 658,   New Cumberland, PA 17070-0658
5298971        +NEW CUMBERLAND FEDERAL CREDIT UNION,    345 Lewisberry Road,    New Cumberland, PA 17070-2306
5298973        +STEVEN HOWELL, ESQ.,    Howell Law Firm,    619 Bridge Street,   New Cumberland, PA 17070-1933
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +EDI: PRA.COM May 22 2020 23:08:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5298968        +EDI: MID8.COM May 22 2020 23:08:00      MIDLAND FUNDING LLC,    2365 Northside Drive,   Suite 300,
                 San Diego, CA 92108-2709
5298974        +EDI: RMSC.COM May 22 2020 23:08:00      SYNCHRONY BANK,    200 Crossing Blvd.,   Suite 101,
                 Bridgewater, NJ 08807-2876
5299459        +EDI: RMSC.COM May 22 2020 23:08:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,   Norfolk, VA 23541-1021
                                                                                                TOTAL: 4
```

```
           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2020 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               bkgroup@kmllawgroup.com
              Lawrence V. Young (Trustee)    lyoung@cgalaw.com,
               pa33@ecfcbis.com;tlocondro@cgalaw.com;rminello@cgalaw.com
              Steven M. Carr    on behalf of Debtor 1 Martin G Stines, III stevecarr8@comcast.net,
               njdodson@comcast.net
              Steven M. Carr    on behalf of Debtor 2 Margaret A Stines stevecarr8@comcast.net,
               njdodson@comcast.net
              Thomas Song    on behalf of Creditor    NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER pamb@fedphe.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                TOTAL: 6
```

| | | |
|---|---|---|
| Debtor 1 | Martin G Stines III<br>First Name  Middle Name  Last Name | Social Security number or ITIN xxx–xx–5470<br>EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | Margaret A Stines<br>First Name  Middle Name  Last Name | Social Security number or ITIN xxx–xx–4723<br>EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 1:20–bk–00449–HWV | |

## Order of Discharge          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Martin G Stines III                    Margaret A Stines

**By the court:** *Henry W. Van Eck*

5/22/20

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**